UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWNTA WILLIAMS,

    Plaintiff,

v.                                             CASE NO.:

NAVIENT SOLUTIONS, INC.

    Defendant.
_____/

# COMPLAINT

COMES NOW, Plaintiff, SHAWNTA WILLIAMS, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). "Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Fulton County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Fulton County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in College Park, Fulton County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, NAVIENT SOLUTIONS, INC., is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Georgia and has a registered

agent, Corporation Service Company located at 40 Technology Pkwy South, #300, Gwinnett, Norcross, Georgia 30092.

11.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (480) ***-3770, and was the called party and recipient of Defendant's hereinafter described calls.

12.     In or about July of 2015, Defendant initiated its campaign of automated telephone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (888) 272-5543, (703) 763-0111, (585) 445-6796, and (888) 913-7654, and when those numbers are called, a recording begins that states: "Welcome to Navient, the new name in education loan servicing. Calls may be monitored or recorded for quality assurance or business purposes. Para espanol, marque ocho. For your security, please use the phone keypad to enter your social security or account number, followed by the pound sign."

13.     Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to

a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she would answer the phone, a prerecorded message would play stating we're calling concerning Navient student loans.

14. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

16. In or about early August of 2015, due to the ceaseless barrage of phone call received from the Defendant, Plaintiff answered a call from Defendant, met with a precorded message, held the line to be connected to a live agent, was eventually connected to a live agent, and informed the agent that they were calling her three to four times per day and demanded that Defendant cease placing calls to her cellular telephone number.

17. During the aforementioned August of 2015 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have believed it had to Defendant's placement of telephone calls to

Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

18. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

19. On at least four (4) separate occasions, Plaintiff has answered a call from Defendant, been met with a prerecorded message, held the line to speak to a representative, and demanded that Defendant cease placing calls to her cellular telephone number.

20. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express consent to call her aforementioned cellular telephone number.

22. From about August of 2015 through March of 2016, Defendant has made approximately two-hundred fifty (250) calls to Plaintiff's cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "A"** representing a non-exclusive call log of thirty-five (35) calls from August 13, 2015 to September 1, 2015).

23. As a result of the aforementioned tenacious collection efforts, Plaintiff was affected, both personally and individually, as she experienced an invasion of privacy, stress, anxiety, intimidation, and emotional distress. Plaintiff suffered expenditure of her time, exhaustion of Plaintiff's cellular telephone battery, unavailability of the cellular telephone while ringing, and trespass upon the Plaintiff's chattels. All of the above were caused by, and/or directly related to, Defendant's attempts "to collect a debt" allegedly owed by Plaintiff by using an ATDS/Predictive Dialer to call Plaintiff's cellular telephone number.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the number.

25. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

26. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

29. Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

30. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
**(Violation of the TCPA)**

31. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Georgia Bar #: 617963
Attorney for Plaintiff
TGomez@ForThePeople.com